IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE KEVIN MCNEILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 16-757-GMS |
| | ) |
| DONALD SNOW, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

**I.      INTRODUCTION**

The plaintiff, Dale Kevin McNeill ("McNeill"), an inmate at the Howard R. Young Correctional Institution ("HRYCI"), Wilmington, Delaware, commenced this civil rights action pursuant to 42 U.S.C. § 1983 on August 29, 2016.

**II.     BACKGROUND**

On March 15, 2017, McNeill filed a letter/motion for injunctive relief seeking medical care for injuries he sustained on March 7, 2017 when he slipped and fell while at work in the kitchen. (D.I. 12.) McNeill also refers to his medical condition as a result of a May 17, 2015 assault. McNeill states that his condition is such that he should not be forced to work in the kitchen but, if he refuses, he will receive a write-up and be placed in the hole. Warden Steven Wesley ("Warden Wesley") opposes. (D.I. 16, 17.)

**III.    STANDARD OF REVIEW**

A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the

public interest favors such relief. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

## IV. DISCUSSION

Warden Wesley states that there is no documentation that McNeill was injured in the kitchen. McNeill did not submit a grievance regarding the kitchen conditions and there are no incident reports documenting a fall or injury in the kitchen. Medical records submitted to the court indicate that McNeill was triaged on March 9, 2017 with a swollen right knee and ankle, and, on March 14, 2017, when he complained of back and knee discomfort. (D.I. 17-1 at 40, 42.) He was seen by medical on March 21, 2017 and complained of pain and swelling in the right knee and since March 7, 2017. (*Id.* at 1.) McNeill presented a history that he slipped, but did not fall, he pulled something, and his knee popped. McNeill also indicated that his ankle "has been like this" since 2015. (*Id.*) McNeill asked to see a provider regarding his condition.

"[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Finally, "mere

2

disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Notably, McNeill's motion for injunctive relief is dated March 12, 2017 and, it seems, was filed prematurely in light of the fact that his medical records indicate he received medical care on March 14 and 21, 2017. Given the record before the court, McNeill has not demonstrated that he will suffer irreparable harm if the motion is denied or the likelihood of success on the merits. Therefore, injunctive relief is not appropriate.

## V. CONCLUSION

For the above reasons, the court will deny the plaintiff's letter/motion for injunctive relief. (D.I. 12.)

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

__April 20__, 2017
Wilmington, Delaware