IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE KEVIN MCNEILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 16-757-CFC |
| | ) |
| DONALD SNOW, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

## I. INTRODUCTION

The plaintiff, Dale Kevin McNeill ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware, commenced this civil rights action pursuant to 42 U.S.C. § 1983 on August 29, 2016.

## II. BACKGROUND

On October 5, 2018, Plaintiff filed a second letter/motion for injunctive relief seeking medical care. (D.I. 35) Plaintiff states he has narcolepsy and has not received any of his medication since his incarceration in July 2014. Plaintiff would like a new face mask and a brain scan. He also states that he is receiving medication for other conditions, but disagrees with the medication provided because it is destroying his liver. Defendants oppose. (D.I. 37, 38)

## III. STANDARD OF REVIEW

A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party;

and (4) that the public interest favors such relief. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

## IV. DISCUSSION

Plaintiff's medical records have been reviewed by two different physicians. Both indicate there is no diagnosis for narcolepsy, but there is a diagnosis of sleep apnea. Plaintiff is treated for this condition with a CPAP machine. Medical defendants have notified the appropriate personnel about the mask used for Plaintiff's CPAP machine and, if it is moldy, it will be replaced. Upon his incarceration, Plaintiff continued with two different drugs used for the treatment of sleep disorders until February 1, 2017 when he asked to stop the medication due to side effects and ineffectiveness.

Plaintiff receives medication for chronic pain and his kidney functions are monitored. Plaintiff received a CAT scan on May 18, 2015 to assess any brain damage following an assault. Both physicians indicate there are no signs/symptoms suggestive of brain/head pathology. Finally, Plaintiff has been seen in the chronic care clinic every three months since his incarceration.

"[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140

(2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Plaintiff's medical conditions are monitored, and he receives medical care. Given the record before the Court, Plaintiff has not demonstrated the likelihood of success on the merits or that he will suffer irreparable harm if the motion is denied. Therefore, injunctive relief is not appropriate.

**V. CONCLUSION**

For the above reasons, the court will deny Plaintiff's second letter/motion for injunctive relief. (D.I. 35)

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

November 19, 2018
Wilmington, Delaware