IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DALE KEVIN MCNEILL, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 16-757-CFC |
| DONALD SNOW, et al., | : | |
| Defendants. | : | |

Dale Kevin McNeill, Howard R. Young Correctional Institution, Wilmington, Delaware; Pro Se Plaintiff.

Ryan Patrick Connell, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant Warden Steven Wesley.

Dana Spring Monzo, Esquire, and Karine Sarkisian, Esquire, White and Williams, Wilmington, Delaware, Counsel for Defendant Connections Community Support Programs, Inc.

**MEMORANDUM OPINION**

December 14, 2018
Wilmington, Delaware

**CONNOLLY, U.S. District Judge:**

Plaintiff Dale Kevin McNeill ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and has been granted leave to proceed in *forma pauperis*. (D.I. 6) The Court screened the complaint on December 2, 2016 and identified cognizable and non-frivolous clams. (*See* D.I. 8) Defendant Connections Community Support Programs, Inc. ("Defendant" or "Connections") moves for dismissal and Plaintiff opposes. (D.I. 28, 30, 32) Briefing on the matter is complete.

## II. BACKGROUND

Plaintiff was assaulted by another inmate on May 17, 2015 and rushed to the hospital for treatment. (D.I. 2 at 5) He alleges that when he returned from the hospital instructions for his care were given to the HRYCI medical department. (*Id.* at 7) Plaintiff was to receive continuing care for an ear injury and follow-up care for a concussion he sustained as a result of the assault. He alleges he has not received the required care and had to submit medical grievances. (*Id.*)

Defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. (D.I. 28)

## II. LEGAL STANDARDS

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however

1

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether

a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

Defendant seeks dismissal on the grounds that Plaintiff has failed to state an Eighth Amendment claim of deliberate indifference. It also contends that dismissal is appropriate because Plaintiff does not allege that Connections maintained a policy, custom, or practice that resulted in Plaintiff's alleged harm.

The legal standard when ruling on Rule 12(b)(6) motions is identical to the standard used when screening a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The Court previously reviewed Plaintiff's allegations and found that he stated what appear to be cognizable and non-frivolous claims. (*See* D.I. 8) Nothing has changed since the Court's ruling.

The Court has revisited Plaintiff's allegations, liberally construed them as it must, and finds that Plaintiff adequately raises medical needs claims. In order to hold Connections liable, Plaintiff must allege a policy or custom that demonstrates such deliberate indifference. *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989). "Custom, . . . can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Miller v. Correctional Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D.

3

Del. 1992) (alteration in original) (citing *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990); *Fletcher v. O'Donnell*, 867 F.2d 791, 793-94 (3d Cir. 1989)).

Plaintiff's allegations are that care was delayed or denied by Connections personnel to the extent that he was required to submit medical grievances. Construed liberally, the alleged conduct although not specifically endorsed or authorized, could be so well-settled and permanent to constitute a Connections policy, custom, or practice. Plaintiff is not required to recite the specific text or official policy. He must only place Defendant on notice as to its alleged improper conduct and the policy in place that created such conduct. While discovery may show that Connections acted properly, at this early stage of the litigation, Plaintiff has pled sufficient facts to proceed against it. Therefore, the Court will deny the motion to dismiss. (D.I. 28)

## IV.  CONCLUSION

Based upon the above discussion, the Court will deny Defendant's motion to dismiss. (D.I. 28)

An appropriate order will be entered.