IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DALE KEVIN MCNEILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 16-757-CFC |
| | ) | |
| DONALD SNOW, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

## I. INTRODUCTION

Plaintiff Dale Kevin McNeill ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware, commenced this civil rights action pursuant to 42 U.S.C. § 1983 on August 29, 2016.

## II. BACKGROUND

On August 1, 2019, Plaintiff filed his third motion for injunctive relief seeking medical care. (D.I. 62) Plaintiff states he has hypersomnia, narcolepsy, and sleep apnea, HRYCI medical has refused to treat him or send him to a neurologist, and medical does not care that he has been suffering from his disability since 2000. The motion indicates that Plaintiff was taken to the hospital on June 28, 2019 for testing. To support his motion, Plaintiff submitted medical records and grievances from July 3, 2014 to July 9, 2019. Typically the Court would order Defendants to respond to the motion. However, in light of the record, the Court finds a response unnecessary.

## III. STANDARD OF REVIEW

A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

## IV. DISCUSSION

Plaintiff's motion will be denied for the same reasons as his second motion for injunctive relief that was denied on November 19, 2018. (*See* D.I. 39, 40). As previously discussed by the Court, Plaintiff's medical conditions are monitored, and he receives medical care. Notably, in his most recent motion, Plaintiff refers to recent medical care and treatment received at a local hospital on June 28, 2019, and that he was seen in the HRYCI infirmary. (D.I. 62 at 2)

"[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes

2

that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Given the record before the Court, Plaintiff has not demonstrated the likelihood of success on the merits or that he will suffer irreparable harm if the motion is denied. His own statement indicates that he receives medical care, albeit not to his liking. Therefore, injunctive relief is not appropriate.

## V. CONCLUSION

For the above reasons, the Court will deny Plaintiff's third motion for injunctive relief. (D.I. 62)

An appropriate Order will be entered.

_____
UNITED STATES DISTRICT JUDGE

August 2, 2019
Wilmington, Delaware

3