IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE KEVIN MCNEILL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. Action No. 16-757-CFC ) |
| DONALD SNOW, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM**

**I.    INTRODUCTION**

Plaintiff Dale Kevin McNeill ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution in Wilmington, Delaware, commenced this civil rights action pursuant to 42 U.S.C. § 1983 on August 29, 2016.

**II.   BACKGROUND**

On September 9, 2019, Plaintiff filed his fourth (renewed) motion for injunctive relief seeking medical care, unhappy that the Court had denied his third motion for injunctive relief on August 5, 2019.  (*See* D.I. 64, 65, 66)  In the motion, Plaintiff also references the Court's July 22, 2019 Order that granted a motion to strike Plaintiff's response to Defendant's answer.  (*See* D.I. 61, 66)  It seems, but is not clear, that Plaintiff moves for reconsideration of the July 22, 2019 Order.

Plaintiff once against refers to his medical conditions and contends that he is refused medical treatment.  Plaintiff states that he was taken to the hospital on August 29, 2019, seen by a neurologist on August 31, 2019, and seen in the prison infirmary on September 2, 2019.  (D.I. 66 at 2-4)

## III. MOTION FOR INJUNCTIVE RELEIF

A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

Plaintiff's motion will be denied for the same reasons as his second and third motions for injunctive relief. (*See* D.I. 39, 40, 64, 65) As previously discussed by the Court, Plaintiff's medical conditions are monitored, and he receives medical care. Notably, in his most recent motion, Plaintiff refers to medical care and treatment he recently received in August and September 2019.

"[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v.*

2

*Gamble*, 429 U.S. 97, 107 (1976). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Given the record before the Court, Plaintiff has not demonstrated the likelihood of success on the merits or that he will suffer irreparable harm if the motion is denied. His own statement indicates that he receives medical care, albeit not to his liking. Therefore, injunctive relief is not appropriate.

## IV. MOTION FOR RECONSIDERATION

The Court turns next to reconsideration of the July 22, 2019 order to the extent that is what Plaintiff seeks. The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

Plaintiff's motion for reconsideration of the Court's July 22, 2019 Order will be denied. Plaintiff provides no reasons for reconsideration, and he has failed to

demonstrate any of the necessary grounds to warrant a reconsideration of the July 22, 2019 Order.

## V. CONCLUSION

For the above reasons, the Court will deny Plaintiff's fourth motion for injunctive relief and motion for reconsideration. (D.I. 66)

An appropriate Order will be entered.

_____
UNITED STATES DISTRICT JUDGE

October 30, 2019
Wilmington, Delaware