IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE KEVIN MCNEILL, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civ. Action No. 16-757-CFC<br>) |
| DONALD SNOW, et al., | )<br>) |
| Defendants. | )<br>) |

**MEMORANDUM**

## I. INTRODUCTION

Plaintiff Dale Kevin McNeill ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware, commenced this civil rights action pursuant to 42 U.S.C. § 1983 on August 29, 2016. On December 18, 2019, Plaintiff appealed this Court's December 5, 2019 memorandum opinion and order that found in favor of Defendants and against Plaintiff to the United States Court of Appeals for the Third Circuit. (*See* D.I. 69, 70, 71, 72)

## II. BACKGROUND

On February 20, 2020, Plaintiff filed his fifth motion for injunctive relief. (D.I. 74) He asks the Court to order the HRYCI Warden to release him "under a compassion release" due to a needed operation and better living arrangement for his recovery. (*Id.*) Plaintiff explains that his family would be better able to help him if he is released, and the prison infirmary would not be a good and safe recovery place for his recovery.

## III. LEGAL STANDARDS

A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

## IV. DISCUSSION

Plaintiff's motion will be denied. This Court cannot provide the relief Plaintiff seeks. His remedy for a compassionate release lies in the Delaware Courts. In Delaware, motions for reduction or modification of sentence are governed by Superior Court Criminal Rule 35(b) and Delaware Courts will consider a Rule 35(b) motion under 11 Del. C. § 4217. Under § 4217, the Department of Correction may seek modification of an inmate's sentence for good cause, including "a serious medical illness or infirmity." *See Egleston v. State*, 2019 WL 343669 (Del. Jan. 24, 2019) (table) (citing 11 Del. C. § 4217(c)). Plaintiff can initiate the discretionary process for determining his eligibility for a medical modification or sentence by submitting a request and the required form to the Department of Correction. *See Dula v. State*, 2017 WL 6398165 (Del. Dec. 14, 2017)

(table) (citing *West v. State*, 2017 WL 2376399 (Del. May 31, 2017) ((citing Department of Correction Bureau of Prisons Policy 3.32, § V.C.1.)).

## V. CONCLUSION

For the above reasons, the Court will deny Plaintiff's fifth motion for injunctive relief. (D.I. 74)

An appropriate Order will be entered.

_____<br>UNITED STATES DISTRICT JUDGE

April 6, 2020
Wilmington, Delaware